UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

GREG TAYLOR,

    Plaintiff,

        v.                       CAUSE NO. 3:19-CV-1155-JD-MGG

INDIANA DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.

OPINION AND ORDER

Greg Taylor, a prisoner without a lawyer, filed a complaint alleging he was allowed to attempt suicide at the Miami Correctional Facility. ECF 37. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

The complaint alleges on June 4, 2019, Officer A. Belhumeur allowed Taylor to have a razor blade with which he severely cut his right arm which required he be airlifted to the hospital. To state a claim for failure to protect, a plaintiff must establish "the defendant had actual knowledge of an impending harm easily preventable, so that

a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010). Based on the allegations in the complaint, it is plausible to infer that Officer A. Belhumeur had actual knowledge of Taylor's history of mental illness, his history of suicide attempts, and his imminent threat to attempt suicide. Therefore the complaint states a claim against Officer A. Belhumeur.

In addition, the complaint lists as a defendant: "Several Unknown Mental Health and Nurses Who are Employed by Wexford." However, "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted). Therefore, the unknown defendants will be dismissed.

Finally, the complaint names the Indiana Department of Correction, but the Eleventh Amendment generally precludes a citizen from suing a State or one of its agencies or departments in federal court. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). There are three exceptions to Eleventh Amendment immunity: (1) suits directly against the State based on a cause of action where Congress has abrogated the state's immunity from suit; (2) suits directly against the State if the State waived its sovereign immunity; and (3) suits against a State official seeking prospective equitable relief for ongoing violations of federal law. *MCI Telecommunications Corp. v. Ill. Commerce Comm'n*, 183 F.3d 558, 563 (7th Cir. 1999). None of these exceptions apply here. Congress did not abrogate the States' immunity through the enactment of Section

1983. *Joseph v. Bd. of Regents of Univ. of Wis. Sys.*, 432 F.3d 746, 748 (7th Cir. 2005). Indiana has not consented to this lawsuit. Taylor is seeking only monetary damages based on a past event. Therefore the Indiana Department of Correction will be dismissed.

For these reasons, the court:

(1) GRANTS Greg Taylor leave to proceed against Officer A. Belhumeur in his individual capacity for compensatory and punitive damages for permitting him to have a razor blade with which he attempted suicide on June 4, 2019, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Indiana Department of Correction and Several Unknown Mental Health and Nurses Who are Employed by Wexford;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Officer A. Belhumeur at the Indiana Department of Correction, with a copy of this order and the amended complaint (ECF 37), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Officer A. Belhumeur to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-

1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

    SO ORDERED on May 27, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT