UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GREG TAYLOR, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:19-CV-1155-JD-MGG |
| A. BELHUMEUR, | |
| Defendants. | |

OPINION AND ORDER

Greg Taylor, a prisoner without a lawyer, is proceeding in this case against Officer Amanda Belhumeur "for compensatory and punitive damages for permitting him to have a razor blade with which he attempted suicide on June 4, 2019, in violation of the Eighth Amendment[.]" ECF 38 at 3. Officer Belhumeur filed a motion for summary judgment, arguing Taylor did not exhaust his administrative remedies before filing this lawsuit. ECF 55. Taylor filed a response. ECF 59. Officer Belhumeur has not filed a reply, and the time for doing so has expired. The court will now rule on Officer Belhumeur's summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable

to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality

available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

Officer Belhumeur argues Taylor did not exhaust his administrative remedies prior to filing this lawsuit because there is no record he ever submitted a formal grievance regarding her alleged conduct of permitting him to have a razor with which he attempted suicide on June 4, 2019. ECF 56 at 7-8. Specifically, Officer Belhumeur provides an affidavit from Miami Correctional Facility's ("MCF") Grievance Specialist, who attests there is no record Taylor submitted any accepted or rejected formal grievances at MCF in 2019. ECF 55-1 at 6.

In his response, Taylor concedes he did not exhaust a grievance at MCF. ECF 59. Instead, he argues his administrative remedies were unavailable because he never had an opportunity to submit a grievance. *Id*. Specifically, Taylor alleges he was unable to submit a grievance for several weeks after his June 4, 2019, suicide attempt because he was placed on suicide watch during that time and was unable to access writing utensils. *Id.* at 1-2. On June 10, 2019, he was transferred from MCF to the New Castle Psychiatric Unit ("New Castle"). *Id.* at 2. He wrote a grievance as soon as he was taken off suicide watch at New Castle and sent the grievance to MCF, but never received any response.

3

*Id.* at 2-3. Because Officer Belhumeur does not respond to these assertions, the court accepts them as undisputed.

Here, the undisputed facts show Taylor never had any opportunity to submit a grievance. Specifically, it is undisputed Taylor never had an opportunity to submit a grievance at MCF between June 4, 2019, and June 10, 2019, because he was on suicide watch during that time and denied access to writing utensils. Moreover, once Taylor was transferred to New Castle on June 10, 2019, the Offender Grievance Process did not allow Taylor to submit a grievance at New Castle complaining of conduct that occurred at MCF. Specifically, the Offender Grievance Process provides that an offender may pursue a formal written grievance at a facility from which he has been transferred only if (a) the formal grievance was initiated prior to the transfer, or (b) the grievance complains of a transfer of property or funds and is initiated within 20 working days from the date of transfer. ECF 55-2 at 14. Because Taylor's complaint against Officer Belhumeur did not meet either of these requirements, Taylor never had an available administrative remedy at New Castle to complain of conduct that occurred at MCF. Thus, because Taylor never had an opportunity to submit a grievance at either MCF or New Castle, he never had an available administrative remedy to exhaust. Accordingly, Officer Belhumeur has not met her burden to show failure to exhaust. *See Woodford*, 548 U.S. at 102. Her summary judgment motion must be denied.

Lastly, Taylor has filed motions to stay this case and conduct discovery, asserting he needs to obtain evidence regarding the availability of his administrative remedies.

4

ECF 76, 80. Because the court concludes Officer Belhumeur has not met her burden to show failure to exhaust, these motions will be denied as moot.

    For these reasons, the court DENIES Officer Belhumeur's motion for summary judgment (ECF 55) and DENIES AS MOOT Taylor's motions to stay this case and conduct discovery (ECF 76, 80).

    SO ORDERED on May 10, 2022

                                              /s/JON E. DEGUILIO
                                              CHIEF JUDGE
                                              UNITED STATES DISTRICT COURT